**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| JAMIE CRUZ,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, ROSS CORRECTIONAL INSTITUTION,<br><br>Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:26-cv-269<br><br>District Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Peter B. Silvain, Jr. |

**REPORT AND RECOMMENDATION[1]**

Petitioner, a person incarcerated at Ross Correctional Institution (RCI), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions from the Belmont County Court of Common Pleas. (Doc. #1-2). However, Petitioner did not pay the $5.00 filing fee and submitted an incomplete application for leave to proceed without prepayment of fees. (Doc. #1, *PageID* #1). The Court gave Petitioner two opportunities to rectify his IFP motion. (Doc. #s 3, 4). On April 27, 2026, the undersigned issued a Deficiency Notice to Petitioner regarding his IFP motion. (Doc. #3). As part of that Notice, the undersigned ordered:

> Petitioner is therefore **ORDERED** to either pay the $5.00 filing fee or file a complete motion for leave to proceed without prepayment of fees within thirty (30) days of the date of this Order.

*Id.* at 16. Petitioner was advised that if he failed to comply with the Order, his case could be dismissed for want of prosecution. *Id.* Despite the warning, Petitioner did not respond to the Court's Order.

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

Subsequently, on June 10, 2026, the undersigned issued an Order to Show Cause. (Doc. #4). In that Order, the Court once again ordered Petitioner to either pay the $5 filing fee or submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including a "Certificate" page and a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period within thirty (30) days of the Order. *Id*. at 17-18. Petitioner was warned that his failure to comply with the Order would result in a report and recommendation to the District Judge that his case be dismissed for want of prosecution and failure to comply with a court order. *Id*. at 18.

At this time, more than 30 days after the Court entered the Order to Show Cause, Petitioner has not paid the $5 filing fee or submitted a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including a "Certificate" page and a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to comply with an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b).

Accordingly, because Petitioner has failed to comply with the Deficiency Order issued on April 27, 2026, and the Order to Show Cause issued on June 10, 2026, the undersigned **RECOMMENDS** that this matter be **DISMISSED without prejudice** for failure to prosecute and failure to comply with a court order pursuant to Federal Rules of Civil Procedure 41(b).

**IT IS THEREFORE RECOMMENDED:**

1. Petitioner's motion for leave to proceed *in forma pauperis* (Doc. #1) be **DENIED**.

2. The Court **CERTIFY** under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

July 29, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).